# EXHIBIT A

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Settlement Agreement") is made and entered into this  16th  day of    June     2023, by and among Jessica Konen, and A.G., her minor child, by and through her Guardian ad litem, Scott Gerald Konen, (hereinafter collectively "Plaintiffs"), and Spreckels Union School District ("District"), Lori Caldeira, Kelly Baraki, and Katelyn Pagaran (hereinafter collectively "Defendants"). Plaintiffs and Defendants are collectively referred to herein as the "Parties".

RECITALS

A. On or about June 27, 2022, Plaintiffs filed a Complaint (the "Complaint") against Defendants in the Superior Court of the State of California, Monterey County, Case No. 22CV001813, which Complaint arose out of certain alleged negligent acts or omissions and other alleged wrongful conduct by Defendants.  In the Complaint, Plaintiffs sought to recover monetary damages and other relief on account of physical injuries, physical sickness, emotional distress,  payments for medical care and other injuries alleged as a result of those certain incident or incidents that occurred at or near Buena Vista Middle School, a school within the District, while A.G. was a student there from 2018 through 2021 (hereinafter referred to as the "Incident"). Defendants subsequently removed the Complaint to the United States District Court for the Northern District of California, Case No. 5:22-cv-05195-EJD.

B. The Parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims, which are the subject of or might have been the subject of the Complaint, upon the terms and conditions set forth herein.

C. Plaintiffs understand that liability for said incident is disputed by Defendants and this Settlement Agreement is a compromise and shall not be construed as an admission of liability.  Defendants expressly deny liability in this matter.

D. In exchange for the sum of $100,000 (one-hundred thousand dollars) ("Settlement Amount"), to be paid to Plaintiffs by the District or an entity on its behalf, in accord with the terms of the Court's approval of a petition for minor's compromise (discussed below), Plaintiffs agree to a dismissal and mutual release of all claims against the District as detailed below. Plaintiffs and the individual defendants Lori Caldeira, Kelly Baraki, and Katelyn Pagaran agree to a dismissal and mutual release of all claims in exchange for a mutual waiver of costs as detailed below. The Settlement Amount shall be deemed as full consideration for all of Plaintiffs' alleged injuries including but not limited to physical injury damages including damages for emotional distress with physical manifestations of harm with $4,000.00 of which shall be attributable to Plaintiffs' medical payments in this matter.

AGREEMENT

NOW THEREFORE, the Parties agree as follows:

1. Mutual Release and Discharge

For the consideration detailed in this Settlement Agreement, the Parties hereby completely release and forever discharge each other, including the Parties' past, present and future officers, board members, attorneys, agents, servants, representatives, employees, contractors, subsidiaries, insurers, joint powers authorities, affiliates, partners, predecessors and successors in interest and assigns, and all other persons, firms or corporations acting in concert with them (collectively, the "Parties' Released Parties"), of and from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, a contract or another theory of recovery, and whether for compensatory, punitive, or other damages, which the Parties now have, or which may hereafter accrue or otherwise be acquired, which arise out of or are in any way connected to the subject of the Incident including the allegations in the Complaint (and all related pleadings, claims, or defenses thereto) or which were or could have been alleged in the Complaint or in any counterclaims thereto including, without limitation, any and all known or unknown claims for injuries, or any future wrongful-death claims, which have resulted or may result from the alleged negligent acts or omissions or other alleged wrongful conduct of the Parties (the "Released Claims").  This release shall be a fully binding and complete settlement between Plaintiffs and Defendants.

2. <u>Settlement Payment</u>

Within thirty days of the Court's approval of the settlement, the District or an entity acting on its behalf shall mail via certified mail, the following checks, in accordance with the Court's order approving the settlement:

a. One check in the amount of $96,000.00 (ninety-six thousand dollars) made payable to the Dhillon Law Group, in trust for Jessica Konen, and A.G., her minor child, by and through her Guardian ad litem, Scott Gerald Konen.

b. One check in the amount of $4,000.00 (four thousand dollars) made out to the "Department of Health Care Services" bearing DHCS account number: (insert DHCS number) as full and complete satisfaction of any and all Medi-Cal liens against Plaintiffs related to this matter mailed to the following address:

Department of Health Care Services
Personal Injury Branch – MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421

These payments shall not be reported on an IRS Form 1099.

3. <u>Attorney's Fees</u>

The Parties shall bear all their own attorney's fees and costs in this matter.

4. <u>Section 1542 Waiver</u>

The release set forth in Paragraph 1 above is a general release. The Parties waive, and assume the risk of, any and all claims for damages that exist as of the date of this Settlement Agreement, even those claims that the Parties do not now know of or do not now suspect to exist, whether that lack of knowledge or lack of suspicion is through ignorance, oversight, error, negligence, or otherwise, and even if that lack of knowledge or lack of suspicion would have, if known now, affected the Parties' decision to enter into this Settlement Agreement. The Parties waive the rights under section 1542 of the Civil Code of the State of California, which materially provides as follows:

> "[A] general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

5. <u>Settlement Conditioned on Court Approval and Delivery of Dismissal with Prejudice</u>

The Parties expressly understand and acknowledge that this Settlement Agreement is not binding unless and until it has been approved by the Court, owing to A.G.'s status as a minor. Plaintiffs agree to file all documents necessary to obtain a court order approving the settlement described herein. Upon receipt of the Court's order approving the settlement, counsel for the Plaintiffs shall promptly deliver to counsel for Defendants an executed Stipulated Request for Dismissal with Prejudice of the Complaint, each side to bear their own fees and costs, with authority for counsel for Defendants to execute and file it

6. <u>Warranty of Capacity to Execute Agreement</u>

Plaintiffs represent and warrant that no other person or entity currently has or has ever had any interest in the claims, demands, obligations, or causes of action that are the subject of this Settlement Agreement, other

than lienholders on medical care liens, such as Medi-Cal. Plaintiffs have the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified herein.

7. <u>Good Faith Settlement</u>

The Parties agree by and through their attorneys and represent that the settlement set forth in this Settlement Agreement is being entered into in good faith and to the satisfaction of the Parties.

8. <u>Entire Agreement and Successors in Interest</u>

This Settlement Agreement contains the entire agreement between the Parties with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

9. <u>Representation by Plaintiffs</u>

Plaintiffs represent that they have carefully read this Settlement Agreement in its entirety. Plaintiffs are represented by counsel and have had the opportunity to confer with their counsel regarding the contents of this Settlement Agreement. The terms herein are understood and voluntarily accepted by Plaintiffs. Plaintiffs are not relying on the advice of or representations by Defendants or anyone associated with Defendants concerning the legal or tax consequences of this Settlement Agreement, nor is this Settlement Agreement contingent upon any favorable legal or tax determination.

10. <u>Governing Law</u>

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of California. Jurisdiction to enforce this Settlement Agreement shall remain vested with the United States District Court for the Northern District of California.

11. <u>Additional Documents</u>

The Parties will cooperate fully and execute any and all supplementary documents and take all additional actions to give full force and effect to this Settlement Agreement. If necessary, Plaintiffs agree to furnish a Conditional Payment Letter from the Centers for Medicaid and Medicare Services. Plaintiffs further agree to cooperate in the notification process to Medicare or Medi-Cal, including furnishing to counsel for Defendants, upon request, Plaintiffs' Social Security Number to effectuate notification to Medicare or Medi-Cal of the subject settlement. Plaintiffs agree to provide a fully executed W-9 to counsel for the District prior to the requirement of any payment being made.

12. <u>Liens / Claims</u>

Plaintiffs warrant and represent that there may be liens, claims or assignment at law or in equity or otherwise of or against any claims or causes of action belonging to Plaintiffs connected with the subject matter of this Settlement Agreement. Plaintiffs further acknowledge that they shall be responsible for the payment of their attorneys' fees and legal costs and expenses. Additionally, all liens of whatever kind, whether judgment liens, Workers' Compensation liens, liens for attorneys' fees, public provider medical liens, private provider medical liens, Medi-Cal liens, Medicare liens, tax liens, or otherwise, shall be the sole responsibility of Plaintiffs and shall be satisfied from the proceeds of this settlement. Plaintiffs agree to indemnify and defend Defendants, their joint powers authorities and their attorneys of record, of and from any and all claims or causes of action brought by all lien holders as a result of Plaintiffs' unreasonable failure to compromise, settle or otherwise satisfy said liens.

12. <u>Tax Consequences</u>

The Parties provide no advice and make no representations regarding the tax consequences of this Settlement Agreement to any other party, if any. The Parties understand and agree that all such tax consequences,

if any, are their responsibility solely, and represent that they have had the opportunity to consult with an accountant or other tax professional regarding this matter.

Case 5:22-cv-05195-EJD    Document 49-1    Filed 06/22/23    Page 5 of 12

13. No Further Action

The Parties covenant and agree that they will not, at any time hereafter, initiate, maintain, or prosecute, or in any way knowingly aid in the initiation, maintenance, or prosecution of any claim, demand, or cause of action at law or otherwise, against any other Party to this Settlement Agreement or the Parties' Released Parties, for damages, loss, injury, injunctive relief, or to enforce or request compliance with any local state or federal statute in connection with the Released Claims. The Parties further agree that this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be initiated, prosecuted, or attempted in breach of this Settlement Agreement; and further agree to indemnify and hold and save harmless anyone so served from all such losses, damages, or costs, including attorneys' fees and other costs and expenses in preparing the defense of any such suit, preparing and proving the existence and validity of this Settlement Agreement, and all other expenses of defending the suit, whether such costs or expenses are taxable or otherwise.

14. Counterparts and Effectiveness

This Settlement Agreement may be signed in counterparts, and by facsimile or electronic means. Together those counterparts comprise a single binding Settlement Agreement. This Settlement Agreement shall become effective immediately following execution by Plaintiffs and Defendants and the obtaining of all necessary approvals as detailed herein.

15. Mutual Drafting/Severability

The Parties agree that this Settlement Agreement shall be deemed to have been mutually drafted by the Parties hereto. Also, if any one provision of it is found to be unenforceable, that shall be considered severable and shall not affect the enforceability of the remainder of the Settlement Agreement.

16. Necessary Approvals

The Parties agree that this Settlement Agreement is conditioned upon the necessary board approval by the appropriate governing board on behalf of the District. The parties agree that this Settlement Agreement is conditioned upon approval by the Court of a petition for minor's compromise to be filed by Plaintiffs.

Dated: 6|12 , 2023

_____
JESSICA KONEN
Plaintiff

Dated: _____, 2023

_____
A.G. by and through her guardian ad litem
SCOTT GERALD KONEN
Plaintiff

Dated: _____, 2023

_____
SPRECKELS UNION SCHOOL DISTRICT
Defendant

4

if any, are their responsibility solely, and represent that they have had the opportunity to consult with an accountant or other tax professional regarding this matter.

13. No Further Action

The Parties covenant and agree that they will not, at any time hereafter, initiate, maintain, or prosecute, or in any way knowingly aid in the initiation, maintenance, or prosecution of any claim, demand, or cause of action at law or otherwise, against any other Party to this Settlement Agreement or the Parties' Released Parties, for damages, loss, injury, injunctive relief, or to enforce or request compliance with any local state or federal statute in connection with the Released Claims. The Parties further agree that this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be initiated, prosecuted, or attempted in breach of this Settlement Agreement; and further agree to indemnify and hold and save harmless anyone so served from all such losses, damages, or costs, including attorneys' fees and other costs and expenses in preparing the defense of any such suit, preparing and proving the existence and validity of this Settlement Agreement, and all other expenses of defending the suit, whether such costs or expenses are taxable or otherwise.

14. Counterparts and Effectiveness

This Settlement Agreement may be signed in counterparts, and by facsimile or electronic means. Together those counterparts comprise a single binding Settlement Agreement. This Settlement Agreement shall become effective immediately following execution by Plaintiffs and Defendants and the obtaining of all necessary approvals as detailed herein.

15. Mutual Drafting/Severability

The Parties agree that this Settlement Agreement shall be deemed to have been mutually drafted by the Parties hereto. Also, if any one provision of it is found to be unenforceable, that shall be considered severable and shall not affect the enforceability of the remainder of the Settlement Agreement.

16. Necessary Approvals

The Parties agree that this Settlement Agreement is conditioned upon the necessary board approval by the appropriate governing board on behalf of the District. The parties agree that this Settlement Agreement is conditioned upon approval by the Court of a petition for minor's compromise to be filed by Plaintiffs.

Dated: _____, 2023    _____
                                JESSICA KONEN
                                Plaintiff

Dated: June 14, 2023            _____
                                A.G. by and through her guardian ad litem
                                SCOTT GERALD KONEN
                                Plaintiff

Dated: _____, 2023    _____
                                SPRECKELS UNION SCHOOL DISTRICT
                                Defendant

4

if any, are their responsibility solely, and represent that they have had the opportunity to consult with an accountant or other tax professional regarding this matter.

13. No Further Action

The Parties covenant and agree that they will not, at any time hereafter, initiate, maintain, or prosecute, or in any way knowingly aid in the initiation, maintenance, or prosecution of any claim, demand, or cause of action at law or otherwise, against any other Party to this Settlement Agreement or the Parties' Released Parties, for damages, loss, injury, injunctive relief, or to enforce or request compliance with any local state or federal statute in connection with the Released Claims. The Parties further agree that this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be initiated, prosecuted, or attempted in breach of this Settlement Agreement; and further agree to indemnify and hold and save harmless anyone so served from all such losses, damages, or costs, including attorneys' fees and other costs and expenses in preparing the defense of any such suit, preparing and proving the existence and validity of this Settlement Agreement, and all other expenses of defending the suit, whether such costs or expenses are taxable or otherwise.

14. Counterparts and Effectiveness

This Settlement Agreement may be signed in counterparts, and by facsimile or electronic means. Together those counterparts comprise a single binding Settlement Agreement. This Settlement Agreement shall become effective immediately following execution by Plaintiffs and Defendants and the obtaining of all necessary approvals as detailed herein.

15. Mutual Drafting/Severability

The Parties agree that this Settlement Agreement shall be deemed to have been mutually drafted by the Parties hereto. Also, if any one provision of it is found to be unenforceable, that shall be considered severable and shall not affect the enforceability of the remainder of the Settlement Agreement.

16. Necessary Approvals

The Parties agree that this Settlement Agreement is conditioned upon the necessary board approval by the appropriate governing board on behalf of the District. The parties agree that this Settlement Agreement is conditioned upon approval by the Court of a petition for minor's compromise to be filed by Plaintiffs.

Dated: _____, 2023

JESSICA KONEN
Plaintiff

Dated: _____, 2023

A.G. by and through her guardian ad litem
SCOTT GERALD KONEN
Plaintiff

Dated: __6/14__, 2023

*[signature]*

SPRECKELS UNION SCHOOL DISTRICT
Defendant

4

Dated: __6-13__, 2023

*Lori Caldeira*
_____
LORI CALDEIRA
Defendant

Dated: _____, 2023

_____
KELLY BARAKI
Defendant

Dated: _____, 2023

_____
KATELYN PAGARAN
Defendant

APPROVED AS TO FORM BY UNDERSIGNED COUNSEL

Dated: _____, 2023

**DHILLON LAW GROUP**

_____
HARMEET K. DHILLON, ESQ.
MICHAEL A. COLUMBO, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**CENTER FOR AMERICAN LIBERTY**

_____
MARK E. TRAMMELL, ESQ.
JOSHUA W. DIXON, ESQ.
ERIC SELL, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**LEONE ALBERTS & DUUS**

_____
BRIAN A. DUUS, ESQ.
JIMMIE E. JOHNSON, ESQ.
Attorney for Defendants
SPRECKELS UNION SCHOOL DISTRICT AND
KATELYN PAGARAN

Dated: __6-14-23__, 2023

**DAVIS BENGSTON & YOUNG**

*Mark Davis*
_____
MARK E. DAVIS, ESQ.
Attorney for Defendants
KELLY BARAKI AND LORI CALDEIRA

5

Dated: _____, 2023

LORI CALDEIRA
Defendant

Dated: \_\_\_June 7\_\_\_, 2023

*/s/ Kelly Baraki/*
KELLY BARAKI
Defendant

Dated: _____, 2023

KATELYN PAGARAN
Defendant

APPROVED AS TO FORM BY UNDERSIGNED COUNSEL

Dated: _____, 2023

**DHILLON LAW GROUP**

HARMEET K. DHILLON, ESQ.
MICHAEL A. COLUMBO, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**CENTER FOR AMERICAN LIBERTY**

MARK E. TRAMMELL, ESQ.
JOSHUA W. DIXON, ESQ.
ERIC SELL, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**LEONE ALBERTS & DUUS**

BRIAN A. DUUS, ESQ.
JIMMIE E. JOHNSON, ESQ.
Attorney for Defendants
SPRECKELS UNION SCHOOL DISTRICT AND
KATELYN PAGARAN

Dated: _____, 2023

**DAVIS BENGSTON & YOUNG**

MARK E. DAVIS, ESQ.
Attorney for Defendants
KELLY BARAKI AND LORI CALDEIRA

5

Dated: _____, 2023

_____
LORI CALDEIRA
Defendant

Dated: _____, 2023

_____
KELLY BARAKI
Defendant

Dated: June 14, 2023

_____
KATELYN PAGARAN
Defendant

APPROVED AS TO FORM BY UNDERSIGNED COUNSEL

Dated: _____, 2023

**DHILLON LAW GROUP**

_____
HARMEET K. DHILLON, ESQ.
MICHAEL A. COLUMBO, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**CENTER FOR AMERICAN LIBERTY**

_____
MARK E. TRAMMELL, ESQ.
JOSHUA W. DIXON, ESQ.
ERIC SELL, ESQ.
Attorney for Plaintiffs

Dated: June 14, 2023

**LEONE ALBERTS & DUUS**

_____
BRIAN A. DUUS, ESQ.
JIMMIE E. JOHNSON, ESQ.
Attorney for Defendants
SPRECKELS UNION SCHOOL DISTRICT AND
KATELYN PAGARAN

Dated: _____, 2023

**DAVIS BENGSTON & YOUNG**

_____
MARK E. DAVIS, ESQ.
Attorney for Defendants
KELLY BARAKI AND LORI CALDEIRA

Dated: _____, 2023

_____
LORI CALDEIRA
Defendant

Dated: _____, 2023

_____
KELLY BARAKI
Defendant

Dated: _____, 2023

_____
KATELYN PAGARAN
Defendant

APPROVED AS TO FORM BY UNDERSIGNED COUNSEL

Dated: June 16, 2023

**DHILLON LAW GROUP**

*[signature]*

_____
HARMEET K. DHILLON, ESQ.
MICHAEL A. COLUMBO, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**CENTER FOR AMERICAN LIBERTY**

_____
MARK E. TRAMMELL, ESQ.
JOSHUA W. DIXON, ESQ.
ERIC SELL, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**LEONE ALBERTS & DUUS**

_____
BRIAN A. DUUS, ESQ.
JIMMIE E. JOHNSON, ESQ.
Attorney for Defendants
SPRECKELS UNION SCHOOL DISTRICT AND
KATELYN PAGARAN

Dated: _____, 2023

**DAVIS BENGSTON & YOUNG**

_____
MARK E. DAVIS, ESQ.
Attorney for Defendants
KELLY BARAKI AND LORI CALDEIRA

Dated: _____, 2023

_____
LORI CALDEIRA
Defendant

Dated: _____, 2023

_____
KELLY BARAKI
Defendant

Dated: _____, 2023

_____
KATELYN PAGARAN
Defendant

APPROVED AS TO FORM BY UNDERSIGNED COUNSEL

Dated: _____, 2023

**DHILLON LAW GROUP**

_____
HARMEET K. DHILLON, ESQ.
MICHAEL A. COLUMBO, ESQ.
Attorney for Plaintiffs

Dated: June 15, 2023

**CENTER FOR AMERICAN LIBERTY**

_____
MARK E. TRAMMELL, ESQ.
JOSHUA W. DIXON, ESQ.
ERIC SELL, ESQ.
Attorney for Plaintiffs

Dated: _____, 2023

**LEONE ALBERTS & DUUS**

_____
BRIAN A. DUUS, ESQ.
JIMMIE E. JOHNSON, ESQ.
Attorney for Defendants
SPRECKELS UNION SCHOOL DISTRICT AND
KATELYN PAGARAN

Dated: _____, 2023

**DAVIS BENGSTON & YOUNG**

_____
MARK E. DAVIS, ESQ.
Attorney for Defendants
KELLY BARAKI AND LORI CALDEIRA